UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL T. FOX,

       Plaintiff,

vs.

MICHIGAN BELL TELEPHONE
COMPANY,

       Defendant.

_____/

Case  No. 08-14095

Sean F. Cox
United States District Judge

Michael  Hluchaniuk
United States Magistrate Judge

## ORDER REGARDING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS

### I.   Procedural History

The present complaint was filed on September 24, 2008.  (Dkt. 1).  In general, the complaint alleged a violation of the Americans with Disabilities Act (ADA), retaliation, breach of employment contract and a civil rights violation under 42 U.S.C. § 1981, relating to an employment relationship that existed between plaintiff and defendant.  The complaint was answered, with affirmative defenses, on October 30, 2008, and then re-filed after a correction, on the same date.  (Dkt. 8 and 11).

1

On January 8, 2009, defendant filed a motion to dismiss the breach of employment claim and the civil rights claim.  (Dkt. 17).  A scheduling order was entered on January 21, 2009, requiring, among other things, that witnesses by both sides be identified by April 1, 2009, and that discovery be completed by May 1, 2009.  (Dkt. 18).  Defendant filed a motion to compel the answers to requests for production of documents on February 5, 2009.  (Dkt. 19).  The requests for production of documents had been served on plaintiff on November 26, 2008.

The motion to dismiss was eventually resolved by a stipulation dismissing, with prejudice, the breach of contract and civil rights claims.  (Dkt. 24, 30).  The motion to compel was withdrawn on March 13, 2009.  (Dkt. 25).  Defendant filed its witness list on March 31, 2009, (Dkt. 26), and plaintiff filed a witness list on April 3, 2009 and a corrected list the same day.  (Dkt. 27, 28).

On February 17, 2009, the parties entered into a stipulation that would allow certain discovery regarding expert witnesses to take place up to 30 days before the trial. (Dkt. 22).  General discovery was extended to June 1, 2009, (Dkt. 31) and then later to July 6, 2009.  (Dkt. 34).  The trial is currently scheduled for March or April of 2010.  (Dkt. 34).

The present motion to strike was filed on June 9, 2009.  (Dkt. 35).  Plaintiff did not file a response to the motion but did participate in the joint statement of

resolved and unresolved issues which was filed on June 30, 2009.  (Dkt. 38).  Oral

argument was held, via conference call, on July 7, 2009.

## II.    Relevant Facts

The parties were required to identify their respective witnesses by April 1,

2009.  Plaintiff did not file her witness list until April 3, 2009, and did not identify

William B. Milzarski as a potential witness on the list that was filed.  Plaintiff filed

untimely responses to defendant's second set of interrogatories on June 2, 2009,

and, for the first time, identified Mr. Milzarski as an expert witness.  The

identification of Mr. Milzarski as an expert witness was not accompanied by the

disclosures required by Rule 26(a)(2)(A) and (B).

During oral argument, plaintiff's counsel explained the late identification of

Mr. Milzarski as an expert witness by stating that he had made a significant effort

to locate an expert but had difficulty doing so and had only recently found Mr.

Milzarski.  Plaintiff's counsel further contended that Mr. Milzarski was an

important witness for plaintiff and that defendant had not really suffered any

prejudice in that discovery relating to expert witnesses had been allowed up to 30

days before trial by prior order of the court.  Plaintiff's counsel also suggested that

he had perhaps not proceeded with discovery as expeditiously as he might have

otherwise because defendant had initiated a discussion regarding negotiations, in some fashion, to settle the case.

Defendant's counsel claimed prejudice because due to the late identification of plaintiff's expert he was not able, within the normal limits of discovery, to get other information that may relate to Mr. Milzarski, facts his opinion might be based on or the substance and strength of his opinion. Defendant's counsel did not dispute that defendant had initiated discussion regarding settlement negotiations but said he was not familiar with the current state of that discussion because co-counsel was dealing with that issue.

## III.    Analysis and Conclusion

Rule 37(c) provides that a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e) ... is not allowed to use the information or witness to supply evidence ... unless the failure was substantially justified or is harmless." Rule 26(a)(2) requires disclosure of the identity of an expert witness as well as other matters associated with the expert including a written report satisfying the requirements of the rule. Rule 26(a)(2)(B). The rule requires that the disclosure be made as ordered by the court or, if there is no order, the disclosures can be made when the parties agree to do that or at least 90 days before trial if there is no agreement.

4

In the present case the court had ordered that witnesses be identified by April 1, 2009, and plaintiff did not meet that deadline with respect to Mr. Milzarski.  Apparently no agreement of the parties provides for an alternate date for the disclosures.  Therefore, plaintiff is in violation of Rule 37(c) which presumptively provides that the offending party be denied the use of the witness for whom proper disclosures were not made in a timely fashion.

Defendant suggests that plaintiff should be denied the use of the witness solely because plaintiff did not respond to the motion to strike the witness and that "default" should result in a ruling in defendant's favor.  As inviting as that suggestion is, it will be denied, but the failure to respond to the motion will be one of the factors utilized in fashioning a resolution of the motion.  Plaintiff's failure to respond to the motion, her failure to make a timely and complete disclosure with respect to Mr. Milzarski as well as her failure to timely respond to other discovery requests indicates a pattern of conduct that is not acceptable and that tends to reduce the strength of plaintiff's argument with respect to the justification for her failure to comply with Rule 26 in these circumstances.

Rule 37(c)(1), as noted earlier, provides that if a witness is not identified as required, the party should be denied the use of the witness unless the failure was "substantially justified or is harmless."  It is hard to say that the consequence of

5

plaintiff's failure is harmless to defendant, but given the extended discovery time relating to expert witnesses and defendant's failure to identify a specific prejudice, it is also hard to identify a clear and significant harm to defendant at this point. Plaintiff's counsel attempted to excuse the late identification of Mr. Milzarski by saying an expert witness was hard to find.  Assuming that plaintiff's counsel did work diligently to find a witness that, in and of itself, does not justify the failure to make the other, required, disclosures for an expert witness.  Rule 26(a)(2)(B). These disclosures, which should be made contemporaneous to the identification of the witness, include a written report containing the opinion of the witness and the basis for the opinion, any data considered by the witness, any exhibits intended to be used by the witness, the witness's qualifications, a list of the other cases the witness has testified in for the previous four years and a statement of the compensation to be paid to the witness.  The failure of plaintiff to make these disclosures is not substantially justified.

As a sanction for failing to make such disclosures, Rule 37 provides that the party can be denied use of the witness, can be assessed attorney fees and costs, the jury can be informed of the parties' failure, or any of the sanctions allowed under Rule 37(b)(2)(A) can be imposed.  The imposition of sanctions for a Rule 37 violation is left to the broad discretion of the trial court and will not be reversed

absent a showing of abuse of that discretion.  *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

Pursuant to the broad discretion afforded the undersigned under these circumstances, and taking into account the various factors mentioned by the parties, defendant's motion to strike plaintiff's expert witness is conditionally granted.  The conditional aspect of this ruling is that if plaintiff files a report satisfying all the requirements of Rule 26(a)(2)(B) by August 17, 2009, this order granting the motion will be deemed rescinded as to the issue of striking plaintiff's expert witness.

It is also ordered that, if plaintiff files the report indicated above, (1) defendant will have 30 days following the filing of the report by plaintiff to make disclosures of expert testimony intended solely to contradict or rebut evidence on the same subject matter identified by plaintiff in her Rule 26(a)(2)(B) disclosure and (2) defendant will be allowed to conduct any discovery allowed under the rules relating to issues arising from or related to the expert opinion of Mr. Milzarski as long as the discovery is completed no later than 30 days prior to trial.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any

defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2),

objections must be served on this Magistrate Judge.

> **IT IS SO ORDERED**.

Date: July 20, 2009                                              s/Michael Hluchaniuk
                                                                          Michael Hluchaniuk
                                                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>July 20, 2009</u>, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to the following: <u>Margaret C. Alli, Larry R. Jensen, Jr., and Benjamin
Whitfield, Jr.</u>.

                                                                          s/James P. Peltier
                                                                          James P. Peltier
                                                                          Courtroom Deputy Clerk
                                                                          U.S. District Court
                                                                          600 Church Street
                                                                          Flint, MI 48502
                                                                          (810) 341-7850
                                                                          pete_peltier@mied.uscourts.gov